UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

2012 JAN -4 AM 11:39

| | |
|---|---|
| Mary Gard<br><br>Plaintiff,<br><br>v.<br><br>B&T Financial Services, LLC<br><br>Defendant. | Case No.    2 12 CV   05<br><br>COMPLAINT FOR DAMAGES 2 12 CV 05<br>UNDER THE FAIR DEBT COLLECTION<br>PRACTICES ACT AND OTHER<br>EQUITABLE RELIEF<br><br>JURY DEMAND ENDORSED HEREIN |

## PARTIES

1. Plaintiff is a natural person who resided in Munster, IN at all times relevant to this action.

2. Defendant is a Maryland limited liability company that maintained its principal place of business in Germantown, MD at all times relevant to this action.

## JURISDICTION AND VENUE

3. Pursuant to 28 U.S.C. §1331, this Court has federal question jurisdiction over this matter as it arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 et seq.

4. Pursuant to 28 U.S.C. §1391(b), venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

## STATEMENT OF FACTS

5. At all times relevant to this action, Defendant engaged in the business of consumer debt collection.

6. Defendant regularly uses the telephone and mail to collect consumer debts that Defendant either purchased or had been hired to collect.

1

7. The principal source of Defendant's revenue is debt collection.

8. Defendant is a "debt collector" as defined by 15 U.S.C. §1692a(6).

9. As described below, Defendant contacted Plaintiff about an obligation that Plaintiff allegedly owed to Home Depot, which had been incurred for personal rather than commercial purposes.

10. This alleged obligation is a "debt" as defined by 15 U.S.C. §1692a(5).

11. As described below, Defendant attempted to collect the debt from Plaintiff, and in so doing, has alleged that Plaintiff owed the debt.

12. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

13. On or around October 24, 2011, Defendant's agent or employee, named Craig Jones ("Craig"), telephoned Plaintiff in connection with the collection of the debt. During this communication, Craig falsely represented to Plaintiff that Home Depot was going to have the sheriff serve Plaintiff with an arrest warrant, that Plaintiff would have to appear in a public court, and that Plaintiff would be responsible for three to four thousand dollars of attorney's fees unless Plaintiff could pay Defendant $500 by Wednesday October 26, 2011. During this communication, Plaintiff provided Defendant with notice that Plaintiff was represented by an attorney with respect to the account in question and provided Plaintiff's attorney's contact information.

14. On or around October 31, 2011, Defendant's agent or employee, named Cheryl Ward ("Cheryl"), telephoned Plaintiff in connection with the collection of the debt. During this communication, Ms. Ward stated "This message is for Mary M. Gard. My name is Cheryl Ward. My number 877-686-0044. You can reach me directly in my office Ms. Gard, at 301-355-6944. You spoke with our office before. This is regarding a Citibank/Home Depot

account, reference file number 180908 when returning the call. This is a time-sensitive matter. Today is Monday October 31. I must speak with you today in an attempt to resolve the matter voluntarily…[inaudible]. This issue needs your attention and a decision will be made on your file today with our without a callback from you. I prefer to have your input and to give you options. [Inaudible] Thank you."

15. Despite notice of Plaintiff's representation by an attorney, Defendant telephoned Plaintiff again on November 1, 2011.

16. Defendant caused Plaintiff emotional distress.

17. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of the debt.

19. In support hereof, Plaintiff incorporates paragraphs 13-14 as if specifically stated herein.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

20. Defendant violated 15 U.S.C. §1692c(a)2 by communicating with Plaintiff notwithstanding knowledge that Plaintiff was represented by an attorney with respect to the debt..

21. In support hereof, Plaintiff incorporates paragraphs 13-15 as if specifically stated herein.

## JURY DEMAND

22. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

23. Plaintiff prays for the following relief:

a. Judgment against Defendant for actual damages, statutory damages, and costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

MACEY BANKRUPTCY LAW, P.C.

By: _____
Nicholas J. Prola
233 S. Wacker Drive, Suite 5150
Chicago, IL 60606
Telephone: 866-339-1156
Fax: 312-822-1064
Email: nprola@maceybankruptcylaw.com
Attorneys for Plaintiff