UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

MARY GARD,                                    )
                                              )
        Plaintiff,                            )
                                              )
            v.                                )   Case No. 2:12-CV-005 JD
                                              )
B&T FINANCIAL SERVICES, LLC,                  )
                                              )
        Defendants.                           )

## OPINION AND ORDER

This suit arises under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692

*et seq*. [DE 1]. Plaintiff Mary Gard alleges that B&T Financial Services, LLC, ("B&T") violated the

FDCPA by (1) using false, deceptive, or misleading representations or means in connection with the

collection of a debt, in violation of § 1692e; and (2) communicating with Gard notwithstanding

knowledge that Gard was represented by an attorney with respect to the debt, in violation of §

1692c(a)(2). [DE 1 at 3]. Gard's Complaint was filed on January 4, 2012, and a Summons was

issued the same day. [DE 3]. The Summons was returned executed on February 24, 2012 [DE 4],

but B&T never filed an answer. In fact, B&T has never participated in or appeared in this case at

all. On March 28, 2012, Gard obtained a clerk's entry of default. [DE 6]. On July 6, 2012, Gard

moved for a default judgment. [DE 8]. The motion is granted as provided herein.

## DISCUSSION

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See*

*Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default

judgment under Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a). *See Wolf*

*Lake Terminals, Inc. v. Mut. Marine Ins. Co.*, 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under

Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that

party has failed to plead or otherwise defend, *see* Fed. R. Civ. P. 55(a), and the clerk has done so

already in this case. [DE 6].

Gard now asks the court to complete the process by entering a default judgment under Rule

55(b)(2). A default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff

for each cause of action in the complaint, *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602

(7th Cir. 2007), and the court exercises its discretion in choosing whether to grant such relief. *See*

*O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1991). Factors to consider

include: (1) the amount of money potentially involved; (2) whether material issues of fact or issues

of substantial public importance are present; (3) whether the default is largely technical; (4) whether

the plaintiff has been substantially prejudiced by the delay involved; and (5) whether the grounds

for default are clearly established or are in doubt. 10A C. Wright, A. Miller, M. Kane & R. Marcus,

*Federal Practice and Procedure: Civil* § 2685 (3d ed.); *see Cameron v. Myers*, 569 F. Supp. 2d 762,

764 (N.D. Ind. 2008).

In considering a motion for default judgment, our circuit follows the rule that "the

well-pleaded allegations of the complaint relating to liability are taken as true[.]" *Merrill Lynch*

*Mortg. Corp. v. Narayan*, 908 F.2d 246 (7th Cir. 1990) (citing *United States v. Di Mucci*, 879 F.2d

1488, 1497 (7th Cir. 1989)); *see also Dundee Cement Co. v. Howard Pipe & Concrete Prods.*, 722

F.2d 1319, 1323 (7th Cir. 1983). Of course, pleadings that are "no more than conclusions" are not

entitled to the assumption of truth. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009).

This includes legal conclusions couched as factual allegations, *see Bonte v. U.S. Bank, N.A.*, 624

F.3d 461, 465 (7th Cir. 2010), as well as "threadbare recitals of a cause of action's elements,

supported by mere conclusory statements[.]" *Iqbal*, 129 S.Ct. at 1949 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). But those which are well-pleaded will be accepted. Beyond that, the court may investigate any matter necessary, including establishing the truth of any allegation by evidence, in order to aid its decision. Fed. R. Civ. P. 55(b)(2). Default judgment is only appropriate if the well-pleaded allegations, along with any evidence submitted to the court, are sufficient to establish a legal claim.[1]

Gard is entitled to the default judgment she seeks in this case. The allegations contained in her Complaint are well-pleaded, and therefore may be taken as true for purposes of default judgment. Gard adequately alleged that B&T is a "debt collector" for the purposes of the FDCPA, as defined at 15 U.S.C. § 1692a(6) [DE 1 ¶¶ 5-8]; that the obligation B&T sought to collect was a "debt," as defined at 15 U.S.C. § 1692a(5) [DE 1 ¶¶ 9-10]; and that Gard was a "consumer," as defined at 15 U.S.C. § 1692a(3). [DE 1 ¶¶ 11-12]. The conduct she described in Paragraph 13 of the Complaint is a plain violation of – among other things – 15 U.S.C. § 1692e(4), which forbids "[t]he

---

[1] *See Thomson v. Wooster*, 114 U.S. 104, 113 (1884) (A default judgment "is not a decree as of course according to the prayer of the bill, nor merely such as the complainant chooses to take it; but that it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill, assumed to be true."); *Black v. Lane*, 22 F.3d 1395, 1399 (7th Cir. 1994) ("The entry of a default order does not, however, preclude a party from challenging the sufficiency of the complaint."); *Cripps v. Life Ins. Co. of North America*, 980 F.2d 1261, 1267 (9th Cir. 1992) ("[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."); *Wagstaff-El v. Carlton Press Co.*, 913 F.2d 56, 57-58 (2nd Cir. 1990) (default judgment properly vacated and summary judgment entered for defendants where plaintiff's action had no valid basis); *Alan Neuman Productions, Inc. v. Albright*, 862 F.2d 1388, 1392 (9th Cir. 1988), cert. denied, 493 U.S. 858 (1989) (defaulted party may contest legal sufficiency of allegations in complaint); *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2nd Cir. 1981) (Following default, court "need not agree that the alleged facts constitute a valid cause of action."); *Nishimatsu Construction Co., Ltd. v. Houston Nat. Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("A defendant's default does not in itself warrant the court in entering a default judgment. There must be a sufficient basis in the pleadings for the judgment entered."); *Days Inn Wowrldwide, Inc. v. Mayu & Roshan, LLC*, 2007 WL 1674485 (D.N.J. June 8, 2007) ("Default judgment is inappropriate, even where defendants have failed to appear, unless the plaintiff has provided well pleaded facts sufficient to establish a claim."); *Kleartex, Inc. v. Kleartex SDN BHD*, 1994 WL 733688 (S.D.N.Y. May 11, 1994); *Terio v. Great Western Bank*, 166 B.R. 213 (S.D.N.Y. 1994) ("The conclusion that the complaint is subject to dismissal strongly militates against granting Plaintiff's application for a default judgment."); *Weft, Inc. v. G.C. Inv. Associates*, 630 F.Supp. 1138, 1141 (E.D.N.C. 1986) (After default entry, court still bound to "consider whether plaintiff's allegations are sufficient to state a claim for relief.")

representation or implication that nonpayment of any debt will result in the arrest or imprisonment of any person . . . unless such action is lawful and the debt collector or creditor intends to take such action." The conduct she described in Paragraph 14 of the Complaint is a clear violation of 15 U.S.C. § 1692c(a)(2), which forbids a debt collector from contacting a consumer "if the debt collector knows the consumer is represented by an attorney with respect to [the] debt[,]" absent consent or a failure to respond. Thus, the well-pleaded allegations of the Complaint make out a violation of the FDCPA.[2]

The next question before the court is the amount of damages to be awarded. Generally speaking, while the well-pleaded allegations of the complaint with respect to *liability* are taken as true, the amount of *damages* must still be proved. *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). Nonetheless, Federal Rule of Civil Procedure 55(b)(1) provides that when "the plaintiff's claim is for a sum certain[,]" the clerk, upon the plaintiff's request, "must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person." Gard's request is for a sum certain: $28,215.00, consisting of actual damages of $25,000.00; statutory damages of $1,000.00, as authorized by 15 U.S.C. § 1692k(a)(2)(A); and reasonable fees and costs totaling $2,215.00. [DE 8-1 at 3-4]. By claiming a sum certain and providing the legal basis for that claim, Gard put B&T on notice of what is at stake in this case. True to form, B&T failed to respond in any way. Accordingly, consistent with Rule 55, default judgment will be entered in the sum certain requested by the plaintiff.

Turning briefly to the factors the court typically considers in deciding whether to grant a default judgment, *see* 10A C. Wright, A. Miller, M. Kane & R. Marcus, *Federal Practice and*

_____

[2] Moreover, even if the Complaint was insufficient, Gard's affidavit provides a sufficient evidentiary basis for all of the necessary facts. [DE 8-2].

*Procedure: Civil* § 2685 (3d ed.); *Cameron v. Myers*, 569 F. Supp. 2d at 764, the court notes that

the defendant's default is not "largely technical." It is a complete failure to appear or defend.

Furthermore, the issues in this case are fairly routine, and the monetary award is of only moderate

size and is justified. The grounds for default are clearly established, and there is no reason to subject

the plaintiff to further delay. The plaintiff's motion for default judgment [DE 8] must be granted.

## CONCLUSION

The plaintiff's motion for default judgment [DE 8] is hereby **GRANTED**. Judgment will be

entered in the plaintiff's favor in the amount of $28,215.00, which is inclusive of fees and costs.

SO ORDERED.

ENTERED: January 22, 2013

/s/ JON E. DEGUILIO
Judge
United States District Court